IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **TERRANCE TORREL THOMAS**, | |
|     Appellant, | |
| v. | Civil Action No. 7:14-cv-186 (HL) |
| **ALLY FINANCIAL**, | |
|     Appellee. | |

ORDER

Appellant, Terrance Torrel Thomas, filed a *pro se* Notice of Appeal from the United States Bankruptcy Court on October 10, 2014. His appeal was docketed with this Court on November 13, 2014. (Doc. 1). After being notified of his failure to pay the mandatory $298.00 filing fee, Defendant filed a Motion for Leave to Proceed In Forma Pauperis ("IFP"). (Doc. 3). The Court requested that Appellant provide additional information regarding his financial circumstances. Appellant complied by filing a second Motion for Leave to Proceed IFP. (Doc. 5).

Pursuant to 28 U.S.C. § 1915(a), a district court must determine whether the statements contained in an IFP affidavit satisfy the requirement of poverty. Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004). Although a litigant does not have to prove he is "absolutely destitute" to qualify under § 1915(a), he must show that "because of his poverty, [he] is unable to pay for

the court fees and costs, and to support and provide necessities for himself and his dependents." Id. (citing Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 338-40 (1948)). "The court, however, may deny an IFP motion if it finds that the action is not taken in good faith. In re Arnold, 166 Fed.App'x 424, 425 (11th Cir. 2006); see 28 U.S.C. § 1915(a)(3). An IFP action is frivolous, and thus not brought in good faith, where it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Ghee v. Retailers Nat. Bank, 271 Fed.App'x 858, 859 (11th Cir. 2008). "Arguable means capable of being convincingly argued." Sun v. Forrester, 939 F.3d 924, 925 (11th Cir. 1991) (per curiam). A claim should be permitted to proceed where it is arguable but may ultimately be unsuccessful. See Cofield v. Ala. Pub. Serv. Comm'n., 936 F.2d 512, 515 (11th Cir. 1991).

On September 29, 2014, the bankruptcy court entered an order dismissing Appellant's case and imposing sanctions. (Doc. 1, pp. 40-41). That order, in pertinent part, reveals that Appellant failed to pay the $310.00 filing fee required to initiate Chapter 13 proceedings. Appellant filed a petition for relief under Chapter 13 of the Bankruptcy Code on June 18, 2014. He later filed a motion requesting the bankruptcy court waive the filing fee. However, there is no provision under Chapter 13 that permits a debtor to proceed IFP. The court granted Appellant an extension of time to pay the fee, but Appellant did not

2

comply. Appellant further made no effort to file a viable plan and made no payments to the Trustee throughout the duration of his case.

Taking into account Appellant's overwhelming inaction in furthering the ends of his case and complying with the bankruptcy court's order to pay the filing fee, the court ultimately concluded that "[t]he evidence shows the Debtor filed the case in order to obtain possession of the automobile financed with the moving creditor. . . The Court finds that both the case and the plan were filed in bad faith and represent an abuse of the bankruptcy process." As a sanction for the bad faith filing, the bankruptcy court dismissed Appellant's case with prejudice and prohibited him from filing for bankruptcy for 180 days.

Appellant filed his Notice of Appeal on October 9, 2014. (Doc. 1, pp. 43-45). He alleges as a basis for his appeal that "[s]ignificant evidence was ignored by the court. This appeal is being filed so the court may look at crucial evidence that was submitted into the court record prior to the ruling." However, it is clear from the bankruptcy court's order that Appellant's case ultimately was dismissed for failing to abide by the court's orders and abusing the bankruptcy process. The evidence is clear that Appellant neglected to pay the filing fee, which in and of itself presented a procedural bar to Appellant's case. Any appeal from the bankruptcy court's order thus is frivolous and without merit.

Accordingly, Appellant's Motion to Proceed IFP is denied. If Appellant wishes to pursue this appeal further, he must pay the $298.00 filing fee by no

later than January 14, 2015. The Court will afford Appellant no additional extensions to pay the filing fee. Failure to comply with this order will result in immediate dismissal.

**SO ORDERED**, this 17th day of December, 2014.

<em>s/ Hugh Lawson</em><br>
**HUGH LAWSON, SENIOR JUDGE**

aks